UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IZZAT NAZER,

                        Petitioner,

-against-

WARDEN AT RIKERS ISLAND;
MANHATTAN DA,

                      Respondents.

24-CV-5226 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently detained at the Robert N. Davoren Complex on Rikers Island, brings this *pro se* petition for a writ of *habeas corpus*, under 28 U.S.C. § 2241. By order dated July 26, 2024, the Court granted Petitioner's request to proceed *in forma pauperis* ("IFP"). The Court denies the petition for the reasons set forth below.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from

compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477

(quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner brings this Section 2241 petition challenging his detention and prosecution in the Manhattan Supreme Court in *People v. Nazer*, Ind. No. 75077-23. In the petition, Petitioner asserts that he is entitled to immediate release from custody because prosecutors have not complied with the speedy trial provisions of New York Criminal Procedure Law ("CPL") § 30.30[1] or their discovery obligations under CPL 245.[2] Petitioner alleges that, on May 16, 2024, prosecutors filed an "insufficient" certificate of compliance ("COC") and statement of readiness, but a month later, on June 13, 2024, they informed the state court that they would be ready for trial on July 15, 2024. (ECF 1, at 1.) Petitioner asserts that "[t]he People's statement overrides the prior statement of readiness as now they have requested more time, namely 45 days or so after the date of filing their COC [and] initial statement of readiness."[3] (*Id*. at 2.) He further claims the following:

> [a]s of 13-June-2024, [t]he People had 107 days counted [and] charged to them. CPL 30.30[2] *mandates release* of defendant if [the] People aren't ready *truly, [and] actually* ready for trial by the 90th day charged to the People after excluding all the time chargeable to the defendant or regular court delays including motions, replies [and] decisions.

(*Id*. (emphasis in the original).). Petitioner asserts that his release is "mandated by law" and he should be immediately released from custody. (*Id*.)

---

[1] Section 30.30 of the CPL requires the prosecution to establish its readiness for trial on a criminal offense within a specified time period after the commencement of the criminal action.

[2] Article 245 of the CPL provides for mandatory disclosure by the prosecution of information relating to the case that are in the prosecution's possession or control.

[3] The Court quotes from the petition verbatim. All spelling, grammar, and punctuation are as in the originals unless noted otherwise.

2

Petitioner attaches to the petition copies of a "Motion to Strike Compliance of the People" and a "Motion for Release Pursuant § 30.30 CPL" that he had filed with the Manhattan Supreme Court. He asserts that the motions were "denied without proper consideration." (*Id.*)

Petitioner has previously filed two other petitions for a writ of *habeas corpus* under Section 2241 in this court. Both petitions were denied without prejudice because he had failed to exhaust his state court remedies before seeking relief in federal court. *See Nazer v. Manhattan Dist. Atty.*, No. 24-CV-2713 (LTS) (S.D.N.Y. June 21, 2024) (*Nazer II*) (dismissing the petition for lack of exhaustion); *Nazer v. Warden*, No. 23-CV-3798 (LTS) (S.D.N.Y. Aug. 8, 2023) (dismissing the petition for lack of exhaustion) ("*Nazer I*") (same). Petitioner filed this new petition a week after the Court denied *Nazer II*.

## DISCUSSION

A.  **Challenge to detention**

Petitioner brings this petition for a writ of *habeas corpus* under Section 2241, challenging the constitutionality of his detention and asserting that he is entitled to immediate release under the speedy trial provisions of CPL § 30.30. Section 2241 provides a limited opportunity for a state pretrial detainee to challenge his pretrial detention, but a Section 2241 petition cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 493 (1973*); see also Allen v. Maribal*, No. 11-CV-2638, 2011 WL 3162675, at *1 (E.D.N.Y. 2011) (noting that a federal *habeas corpus* proceeding is not to be converted into a "pretrial motion forum for state prisoners" (citing *York v. Ward*, 538 F. Supp. 315, 316 (E.D.N.Y. 1982))).

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and

3

immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). A pending state court prosecution ordinarily provides the accused "a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975); *see also Baker v. Sup. Ct. for New York*, No. 12-CV-4750, 2012 WL 4739438, at *2 (E.D.N.Y Oct. 3, 2012).

As Petitioner brings this *habeas corpus* petition seeking relief in his ongoing criminal proceedings, the Court must consider whether it must abstain from reviewing some or all of his constitutional claims until judgment in the criminal case is final. Courts have found special circumstances warranting *habeas corpus* relief before trial in at least two situations. First, pretrial *habeas* relief may be appropriate where the petitioner's rights cannot be fully vindicated at the conclusion of trial. For example, courts have declined to abstain from considering double jeopardy claims in pretrial *habeas corpus* petitions because the right to avoid the ordeal of undergoing multiple trials cannot be vindicated after the second trial. *See, e.g., Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) ("The very constitutional right claimed . . . would be violated if [the petitioner] were compelled to raise his double jeopardy claim after the second trial."). Because Petitioner has alleged no facts suggesting that his rights cannot be fully vindicated at the conclusion of trial, this exception does not apply here.

Second, courts considering whether to abstain from hearing a constitutional challenge while criminal proceedings are pending have examined whether the claim seeks relief that is collateral to the criminal proceeding. *See, e.g., Gerstein v. Pugh*, 420 U.S. 103, 108 (1975)

(holding that federal court correctly declined to abstain from hearing claims that prisoners were being detained without probable cause hearings, because "[t]he order to hold preliminary hearings could not prejudice the conduct of the trial on the merits" and was directed "only at the legality of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the criminal prosecution"); *see also Braden*, 410 U.S. at 493 (*habeas corpus* petition could be heard before trial where petitioner sought to be brought speedily to trial and "made no effort to abort a state proceeding, or to disrupt the orderly functioning of state judicial processes").

Here, Petitioner's assertion that prosecutors have violated his right to a speedy trial may present special circumstances permitting *habeas corpus* review prior to the conclusion of his criminal proceedings. *See Braden*, 410 U.S. at 493. Petitioner, however, does not allege facts suggesting that he has fully exhausted his state court remedies with respect to his speedy trial claims.

**B.    Exhaustion of state court remedies**

Before seeking Section 2241 federal *habeas corpus* relief, a state pretrial detainee must first exhaust his available state court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas* relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.* A petitioner who has not exhausted available state court remedies generally may seek a writ of habeas corpus in federal court only if he: (1) establishes cause for the failure to exhaust and prejudice as a result of the alleged violation of

5

federal law, or (2) demonstrates that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, Petitioner alleges that he filed a "Motion to Strike compliance of the People" and a "Motion for Release Pursuant § 30.30 CPL" in the Manhattan Supreme Court, and that both motions were summarily denied. He does not allege, however that he has appealed the denial of the motions all the way up to the New York Court of Appeals.

Because Petitioner does not allege facts showing that he has exhausted his state court remedies or allege facts suggesting that exhaustion should be excused, the Court denies this petition without prejudice.[4]

## CONCLUSION

The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2241, is denied without prejudice.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[4] In both *Nazer I* and *Nazer II*, the Court informed Petitioner that exhaustion of state court remedies is required before seeking relief in federal court. *See Nazer I*, ECF 1:23-CV-3798, 4, 9; *Nazer II*, ECF 1:24-CV-2713, 5.

The Clerk of Court is directed to enter judgment dismissing this action.

SO ORDERED.

Dated: August 26, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge